**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY WILSON,

      Plaintiff,

v.                                         Case No. 06-CV-11815-DT

GERALD J. SMITH and THE SMITH LAW
FIRM,

      Defendants.
                                      /

**ORDER OF DISMISSAL**

On April 14, 2006, Plaintiff Anthony Wilson initiated this action against Defendants Gerald J. Smith and the Smith Law Firm for defamation by libel per se. Plaintiff's two count complaint alleges that Defendant Gerald J. Smith of the Smith Law Firm sent a thirty-one page document ("Document") containing false and defamatory statements about Plaintiff via United States mail to the State Bar of Michigan, the State Bar of Oklahoma, and the Texas Center for Ethics and Professionalism. (Compl. at ¶¶ 7-8, 12.) More specifically, Plaintiff asserts that the Document falsely stated that Plaintiff committed extortion. (*Id.* at ¶ 9.) Plaintiff further claims that the Document was an unprivileged communication to a third party. (*Id.* at ¶ 12.)

Although Plaintiff's complaint asserted complete diversity jurisdiction pursuant to 28 U.S.C. § 1332, the court recognized that it could lack subject matter jurisdiction over Plaintiff's defamation claim under the *Rooker-Feldman* or *Colorado River* Doctrines. *See Gottfried v. Med. Planning Serve., Inc.*, 142 F.3d 323, 330 (6th Cir. 1998); *see also Romine v. Compuserve Inc.*, 160 F.3d 337, 339 (6th Cir. 1998). Under the *Rooker-*

*Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* Doctrine). In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state litigation exists.

In light of these considerations, on May 16, 2006, the court ordered Plaintiff to show cause, in writing, why his case should not be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine or dismissed without prejudice under the *Colorado River* doctrine. (5/16/06 Order at 2.) On May 30, 2006, Plaintiff filed his response to the court's order. (See Dkt. # 6.) In his response, Plaintiff stated that the Document was "not submitted pursuant to any administrative or [s]tate [c]ourt proceeding with the State Bar of Michigan or any other entity or individual." (Pl.'s Resp. at ¶ 5.) Plaintiff further stated that "[t]here exists no prior or present administrative determination, proceeding, or parallel state case involving Plaintiff, Defendant, and the State Bar of Michigan." (*Id.* at ¶ 7.)

The court is not persuaded by Plaintiff's response because it appears that the whole basis for Plaintiff's complaint was that Defendant Gerald Smith of the Smith Law Firm "sent . . . [the] [D]ocument, via [United States] Mail to the State Bar of Michigan, State Bar of Oklahoma, and the Texas Center for Ethics and Professionalism." (Compl. at ¶ 7.)[1] Moreover, if no proceeding has been initiated relating to the Document, as

---

[1] Plaintiff also stated in his Complaint that "the State Bar of Michigan specifically inquired as to matters set forth in [the] [D]ocument and is requiring that [P]laintiff provide

Plaintiff maintains in his answer to the court's show cause order, the court has serious concerns relating to whether the jurisdictional amount of $75,000 required in a diversity case is met here.[2]

In order to resolve the issue of subject matter jurisdiction in this matter, the court scheduled a show cause hearing for June 28, 2006 for which Plaintiff did not appear. The court specifically noted in its "Order Denying Plaintiff's 'Motion for Leave to Appear Via Telephone'" that the June 28, 2006 hearing was "essential in this matter inasmuch as it would focus on the court's subject matter jurisdiction" and required Plaintiff to appear in Detroit for the hearing.  (6/27/06 Order at 1-2.)  As Plaintiff has not met his burden to show cause that the court has subject matter jurisdiction over his case, the court will dismiss Plaintiff's complaint.

IT IS ORDERED that Plaintiff's complaint is DISMISSED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2006

---

information regarding the matters contained in the [D]ocument.  (*Id.* at ¶ 10.)

[2]Under 28 U.S.C. § 1332(a), the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.  For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and, additionally, of the state in which it has its principal place of business.  28 U.S.C. § 1332(c).

S:\Cleland\JUDGE'S DESK\Odd Orders\06-11815.WILSON.DismissalOrder.wpd    3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2006, by electronic and/or ordinary mail.

                                            S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\06-41815.WILSON.DismissalOrder.wpd